UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>MANUEL VEGA,<br>　　　　Defendant. | Case No. 14-cr-00484-PJH-1<br><br>**ORDER TO SHOW CAUSE;**<br>**ORDER DENYING MOTION TO**<br>**APPOINT COUNSEL**<br><br>Re: Dkt. Nos. 37, 38 |

Before the court is the motion of defendant Manuel Vega, appearing pro se, for an order under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Vega also seeks appointment of counsel to represent him on the § 2255 motion. For the reasons set forth below, the court orders the government to show cause why relief should not be granted, and denies the motion for appointment of counsel.

**BACKGROUND**

Vega is currently serving a sentence imposed by this court. Vega was charged with one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). Doc. no. 11. On November 05, 2014, Vega entered a guilty plea to the sole count of the information, having waived an indictment. *See* doc. no. 23 (Plea Agreement). On January 28, 2015, the court sentenced Vega to 57 months of imprisonment, three years of supervised release and a special assessment of $100. Doc. no. 29 (Judgment).

On June 17, 2015, Vega filed a motion to vacate, set aside, or correct the sentence pursuant to § 2255. Vega also filed a motion for appointment of counsel.

**DISCUSSION**

**I.  Motion to Vacate, Set Aside or Correct Sentence**

Section 2255 provides in part as follows:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> (b) Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. . . .

Vega asserts the following grounds for relief: (1) ineffective assistance of counsel for failure to give notice to the court about the ambiguities in the abstract of judgment pertaining to the prior state conviction which ultimately led to an offense level enhancement at sentencing; and (2) ineffective assistance of counsel for failure to argue for a sentence reduction based on the ambiguous abstract of judgment which does not indicate a prior conviction for possession of a controlled substance for sale, but rather simple possession of a controlled substance, as well as failure to argue that "the judgment must contain the critical phrase 'as charged in the information,'" based on the holding of *Medina-Lara v. Holder*, 771 F.3d 1106 (9th Cir. 2014), *pet. for reh'g denied* (9th Cir. Dec. 12, 2014).  Doc. no. 37.

First, Vega alleges that his counsel was ineffective because he failed to challenge the ambiguous abstract of judgment entered by the Marin County Superior Court, which states that Vega was convicted on May 9, 2013, of "Poss. of Controlled Substance," leading to an offense level enhancement of six points for a prior drug conviction.  Doc. no. 37 at 5, 6; doc. no. 38, Ex. A (Felony Abstract of Judgment).  Second, Vega contends that his counsel's failure to argue that the prior conviction involved simple possession of a

controlled substance, rather than possession for sale, resulted in an enhancement. Although Vega presents these arguments as two separate grounds for relief for ineffective assistance of counsel, the court construes the arguments as a single claim for ineffective assistance of counsel for failure to challenge the 2013 state conviction as a prior drug felony conviction in establishing the base offense level under § 2K2.1 of the Sentencing Guidelines.

The court considers whether any other cognizable grounds for relief are raised in Vega's § 2255 motion. To challenge the ambiguity of the state court's abstract of judgment as to whether he suffered a conviction for simple possession or possession for sale, Vega cites *Medina-Lara.* In *Medina-Lara*, the court determined whether a prior conviction was a predicate offense mandating removal under the Immigration & Nationality Act. Unlike the final order of removal at issue in *Medina-Lara*, removal proceedings were not at issue in Vega's case, particularly in light of the record before the court establishing Vega's U.S. citizenship. Doc. no. 33 at 2 (Amended Presentence Report). Vega does not assert that he was subject to removal proceedings due to his prior conviction, and cites *Medina-Lara* only for the principle that the abstract of judgment "must contain the critical phrase 'as charged in the information,'" when the record of conviction comprises only the indictment and the judgment. *Medina-Lara,* 771 F.3d at 1113 (quoting *United States v. Vidal*, 504 F.3d 1072, 1087 (9th Cir. 2007) (en banc)) (internal citation omitted). Thus, even liberally construed, Vega's § 2255 motion does not assert a separate ineffective assistance of counsel claim for failure to advise Vega that his prior conviction would establish a predicate offense for removal.

To the extent that Vega asserts sentencing error by the court, such a collateral challenge to the sentence is barred by the plea agreement. By entering the plea agreement, Vega agreed to give up his right to appeal his conviction, judgment, and orders of the court, and waive his right to appeal any aspect of his sentence. Doc. no. 23 ¶ 4 (Plea Agreement). Vega also agreed "not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241,

1  or motion under 18 U.S.C. § 3582, at any time in the future after I am sentenced, except
2  for a claim that my constitutional right to the effective assistance of counsel was violated."
3  *Id.* ¶ 5. Thus, Vega may not challenge the length of his sentence due to any alleged
4  error at sentencing.

Although the plea agreement bars Vega from filing collateral challenges to his conviction or sentence, it provides an exception for claims of ineffective assistance of counsel. The plea agreement does not restrict this exception for ineffective assistance claims to those only in connection with the negotiation of the plea agreement or entry of the plea. *Id.* Thus, the claim for ineffective assistance of counsel, for failure to challenge the prior state conviction in establishing the base offense level for sentencing purposes, does not appear to be barred by the plea agreement. Liberally construed, this claim appears colorable under 28 U.S.C. § 2255 and merits an answer from the government.

## II.  Motion for Appointment of Counsel

Vega has moved for appointment of counsel "in an effort to have my sentence corrected," which the court construes as a request for appointment of counsel to represent him on the § 2255 motion. Doc. no. 38. The Sixth Amendment right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a prisoner seeking habeas relief under § 2255 whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." On the present record, Vega has not demonstrated either a likelihood of success of his § 2255 motion, an inability to articulate his claims pro se in light of the complexity of the legal issues involved, or the necessity of an evidentiary hearing. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Therefore, the interests of justice do not require appointment of counsel. If, however, the court orders an evidentiary hearing on the § 2255 motion, Vega may renew his motion for counsel. The motion for appointment of counsel is DENIED WITHOUT PREJUDICE.

**CONCLUSION**

For the foregoing reasons, the court ORDERS as follows:

1. The government shall file with the court and serve on Vega, within 45 days of the date of this order, (a) a transcript of the January 28, 2015, sentencing hearing; and (b) an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause why the court should not "vacate, set aside or correct the sentence" on Vega's claim of ineffective assistance of counsel for failure to challenge the prior state conviction in establishing the base offense level.

2. If Vega wishes to respond to the answer, he shall do so by filing a reply with the court and serving it on the government within 30 days of his receipt of the answer.

3. Vega's motion for appointment of counsel is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: September 8, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge