UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff,<br>    v.<br>MANUEL VEGA,<br>            Defendant. | Case No. 14-cr-00484-PJH-1<br><br>**ORDER GRANTING IN PART AND DENYING IN PART CERTIFICATE OF APPEALABILITY** |

        This matter is before the court on remand for the limited purpose of granting or denying a certificate of appealability ("COA") in the appeal from the order denying the motion of defendant Manuel Vega to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

        To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Section 2253(c)(3) requires a court granting a COA to indicate which issues satisfy the COA standard. Here, the court finds that defendant's first claim that he received ineffective assistance of counsel based on counsel's failure to challenge the ambiguities in the abstract of judgment pertaining to the prior state conviction, which ultimately led to an offense level enhancement for a controlled

substance offense, meets that standard.  Accordingly, the court GRANTS the COA on that ineffective assistance of counsel claim.

Defendant does not, however, make a substantial showing of the denial of a constitutional right with respect to his second ineffective assistance of counsel claim, for failure to challenge the interstate nexus requirement of 18 U.S.C. § 922(g)(1), because there was no basis in the record for challenging the interstate nexus.  The court DENIES a COA on this ineffective assistance of counsel claim. *See generally Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003).

Accordingly, the clerk shall forward the file, including a copy of this order, to the Court of Appeals.  See Fed. R. App. P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

**IT IS SO ORDERED.**

Dated:  July 8, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge